Memorandum. The Appellate Division’s reversal was apparently predicated on a misreading of section 393-b of the Code of Criminal Procedure (applicable in the 1970 trial in this case). That court held that it was reversible error, after the police officer had made an in-court identification of the defendant, to permit him while still on direct examination to testify to his prior recognition of the defendant at the pretrial lineup. The Appellate Division apparently read section 393-b to permit introduction of such bolstering testimony only on redirect examination or by way of rebuttal after defense counsel had taken steps on trial to challenge the in-court identification. We do not so read the statute. In this case the identity of the defendant was in issue from the outset, and the bolstering testimony was admissible on direct examination of the police officer. (People v. Spinello, 303 N. Y. 193; see People v. Cioffi, 1 N Y 2d 70; cf. CPL 60.25; see, also, Gilbert v. California, 388 U. S. 263, at p. 272, n. 3.)
*937 The order of the Appellate Division should be reversed and, pursuant to the provisions of sections 470.40 (subd. 2, par. [b]) and 470.25 (subd. 2, par. [d]) of the Criminal Procedure Law, the ease remitted to the Appellate Division for determination of the facts.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, Gabrielli, Jones and Wachtler concur.
Order reversed and case remitted to the Appellate Division for further proceedings in accordance with the memorandum herein.